Veve et al., Peticionarios, *v.* La Corte de Distrito de Humacao, Demandada.

Solicitud para que se expida un auto de *certiorari* contra la Corte de Distrito de Humacao, Hon. Pablo Berga, Juez.

No. 375.—Resuelto en junio 22, 1922.

Privilegio Legislativo—Miembros de una Asamblea Municipal.—Las manifestaciones hechas por miembros de un concejo municipal sólo son privilegiadas cuando éste se encuentra en sesión y para un fin legítimo. Dichos miembros no gozan de los mismos privilegios que los de una legislatura.

Id.—Id.—Cuando una asamblea municipal y un concejo de administración celebran una sesión conjunta, hay una fuerte presunción si no la certeza de que no están en sesión ordinaria.

Desacato—Privilegio—*Certiorari.*—Si la sesión conjunta no era privilegiada la resolución en ella adoptada puede constituir uno de los motivos de desacato enumerados en la Ley de 1902, y por tanto no debe concederse el *certiorari.*

*Certiorari*—DESACATO.—Siendo la base de los procedimientos de una corte el castigo por desacato, no procederá el *certiorari* para revisar una orden por desacato excepto en casos en que claramente se muestre tal necesidad.

Los hechos están expresados en la opinión.

Abogado de los peticionarios: *Sr. A. Aponte, Jr.*

La parte demandada no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En una petición para un auto de *certiorari* dicen los peticionarios que son miembros de la Asamblea Municipal y del Concejo de Administración de Fajardo. Estos dos organismos celebraron una sesión conjunta el día 22 de mayo de 1922, y aprobaron una resolución por la cual dispusieron remitir al Gobernador de Puerto Rico una protesta contra los altos funcionarios de la Corte de Distrito de Humacao. En la petición de *certiorari* no encontramos ninguna copia de dicha resolución conjunta ni ninguna especificación de los actos que se supone han sido cometidos por los altos funcionarios. De igual modo no se expresa quiénes son estos altos funcionarios o si el juez mismo era uno de ellos. Con motivo de dicha resolución conjunta el fiscal de la Corte de Distrito de Humacao procedió contra los peticionarios al parecer por un desacato sumario, la corte expidió una orden para mostrar causa y después de una vista declaró culpables a los peticionarios por desacato condenando a cada uno de ellos a sufrir diez días de cárcel debiendo tener efecto dicha sentencia el día 23 de junio de 1922. La alegación principal es de derecho, o sea, que siendo la resolución conjunta un acto legislativo era privilegiada y por tanto que la corte no tenía jurisdicción para castigar por desacato. Expresan asimismo los peticionarios que la facultad que trató de ejercitarse no está justificada por las leyes de Puerto Rico.

No es por mera curiosidad que nos gustaría tener una copia de la resolución conjunta ante nos. Si la resolución

conjunta no estaba dentro del alcance de las supuestas facultades legislativas del municipio de Fajardo, no era privilegiada. El privilegio absoluto de los miembros de una legislatura generalmente no alcanza a los miembros de una asamblea municipal. *Burch* v. *Bernard,* 107 Minn. 212. La Legislatura de Puerto Rico no ha conferido ningún privilegio especial a los miembros de las asambleas municipales.

Esta era una sesión conjunta de la Asamblea Municipal y del Concejo de Administración. El Concejo de Administración si bien es elegido por la Asamblea Municipal no forma parte de la segunda. La ley prescribe expresamente, leyes de 1919, página 701, que el cargo de miembro del concejo de administración será incompatible con el de delegado a la asamblea municipal. La misma ley confiere la facultad de aprobar ordenanzas exclusivamente a la asamblea municipal. Por tanto, hay una fuerte presunción, si no una certeza, de que la resolución conjunta no participaba del carácter de acto legislativo.

Si la resolución conjunta no era un acto legislativo las personas que la dirigieron al Gobernador no tienen derechos superiores a los de cualesquiera ciudadanos.

No pretenderemos resolver definitivamente hasta dónde puede estar limitada por la legislatura la facultad de castigar por desacato. La crítica indebida de un caso que esté pendiente y que tendría la tendencia de influir en un asunto ante una corte sujeta al que la publica a un procedimiento por desacato. La Ley de Desacato de marzo 1, 1902, considera como desacato la voluntaria publicación de cualquier informe falso o groseramente inexacto de procedimientos judiciales. La resolución conjunta, si no es privilegiada es o puede ser tal informe.

Bajo sus facultades generales para castigar por desacato se presumiría la jurisdicción de una corte para castigar de tal modo a falta de una clara demostración en contrario.

La facultad para castigar por desacato y hacerlo pronta-

mente es uno de los medios fundamentales por el cual se mantiene en función la maquinaria de la justicia y por el cual una corte puede hacer que sus órdenes y procedimientos se respeten.   Por tanto, en ausencia de una clara demostración la revisión mediante *certiorari* no será ejercitada.

La sentencia por desacato se impone a una persona y no a una comunidad.   Generalmente no habría ningún derecho en los individuos para asociarse en una revisión de un procedimiento por desacato.

No sabemos por la petición si los procedimientos de desacato fueron en algún caso pendiente o de otro modo.

El auto debe ser denegado.

*Denegada la expedición del auto.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.